# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

JOSEPH TERRELL, on behalf of herself and others similarly situated,

    Plaintiff,

v.

ALCOHOL MONITORING SYSTEMS, INC., d/b/a SCRAM Systems

    Defendant.

## CLASS ACTION COMPLAINT

Plaintiff, Joseph Terrell ("Plaintiff"), on behalf of himself and all others similarly situated as defined below, by and through her attorneys, submits the following as his Complaint against ALCOHOL MONITORING SYSTEMS, INC., d/b/a SCRAM Systems ("Defendant").

1.    Plaintiff brings this action on behalf of himself and the proposed class of those who have been injured by Defendant's ankle monitors ("Monitors").

2.    Defendant sells and markets SCRAM Monitors, used to monitor DUI offenders who have been ordered by the court to avoid alcohol as part of their sentence.

3.    The device monitors the individual's alcohol consumption by sampling his or her perspiration every 30 minutes, 24 hours a day, to test for alcohol consumption.

4.    Alcohol Monitoring Systems, Inc. has a database that analyzes alcohol alerts.

5.    Per its website, "Launched to market in 2003, SCRAM CAM has become the most widely used and trusted transdermal alcohol monitoring device in the world."[1]

---

[1] https://www.scramsystems.com/our-company/about-us/

1

## PARTIES

6. Plaintiff Joseph Terrell is an individual and residing and resident and citizen of the State of South Carolina.

7. Defendant is incorporated and has its principal place of business in Littleton, Colorado. Defendant is registered to transact business in the state of Colorado and does transact business in the State and within this judicial district.

## JURISDICTION AND VENUE

8. This Court possesses subject-matter jurisdiction to adjudicate the claims set forth herein under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are members of the Class who are diverse from Defendant, and (4) there are more than 100 class members. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, because they form part of the case or controversy as the claims within the Court's original jurisdiction.

9. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and 18 U.S.C. § 1965, because Defendant transacts business in this District, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and because Defendant caused harm to class members residing in this District.

10. This Court has personal jurisdiction over the Defendant because Defendant conducts substantial business in this District, and the events giving rise to Plaintiff's claims arise out of and related to Defendant's contact with this District. Moreover, Defendant has its principal place of business in the forum District. Further, Defendant has transacted business, maintained substantial contacts, purposefully targeted consumers for sales of its devices and/or

committed overt acts in furtherance of the unlawful acts alleged in this Complaint in this District, as well as throughout the United States. The unlawful acts of Defendant have been directed at, targeted, and have had the effect of causing injury to persons residing in, located in, or doing business in this District as well as throughout the United States.

## FACTUAL BACKGROUND

11. On November 9, 2022, Plaintiff was arrested.

12. He was sentenced seven months, December of 2022 through June 2023, to wearing a Scram Systems ankle Monitor as a condition of his release.

13. As a result of that requirement, on December 9, 2022, Plaintiff had the ankle Monitor placed by a certain Steven Dewitt on his left ankle.

14. After about four months, in April of 2022, Plaintiff started experiencing pain on his left ankle.

15. Plaintiff saw the initial signs of a wound developing on April 22, 2022.

16. The Monitor caused a deep open wound to the posterior of his ankle and a severe rash to the medial/anterior portion of Plaintiff's left ankle.

17. Plaintiff's diagnosis was cellulitis/dermatitis and a bacterial infection.

18. Plaintiff went to the doctor again on June 16, 2023, who got permission to place the Monitor on his right ankle.

19. After a few days, Plaintiff's other foot begin having the same reaction.

20. Prior to Defendant's ankle Monitor being placed on his ankle, Plaintiff did not have any wounds, sores or skin irritation on his left or right ankle or heel.

21. Plaintiff's injuries were at the site where the ankle Monitor was placed on each ankle.

3

22.     Between June 22, 2023 and June 23, 2023, Plaintiff's ankle monitor was removed and his case was closed thereafter.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). Plaintiff seeks class certification on behalf of the class defined as follows (the "Class"):

> All persons in the United States who were sentenced to wear an ankle Monitor distributed by Defendant.

24.     Plaintiff reserves the right to modify or refine the definition of the Class based upon discovery of new information and in order to accommodate any of the Court's manageability concerns.

25.     Excluded from the Class are: (a) any Judge or Magistrate Judge presiding over this action and members of their staff, as well as members of their families; (b) Defendant and Defendant's predecessors, parents, successors, heirs, assigns, subsidiaries and any entity in which Defendant or their parents have a controlling interest, as well as Defendant's current or former employees, agents, officers, and directors; (c) persons who properly execute and file a timely request for exclusion from the Class; (d) persons whose claims in this mater have been finally adjudicated on the merits or otherwise released; (e) counsel for Plaintiff and Defendant; and (f) the legal representatives, successors, and assigns of any such excluded persons.

26.     Numerosity (Rule 23(a)(1)). The Class members are so numerous that joinder of individual members herein is impracticable. The exact number of members of the Class, as

4

herein identified and described, is not known, but there have been reported cases of pain and swelling caused by electronic monitoring bracelets such as Defendant's.[2]

27. **Commonality and Predominance (Rule 23(a)(2)).** Common questions of fact and law exist for each cause of action and predominate over questions affecting only individual Class members including the following:

- whether Defendant owed a duty of care to Plaintiffs and the Class;
- whether Defendant knew or should have know that its ankle monitors posed health and safety risks to individuals;
- whether Defendant wrongfully represented that the ankle monitors were safe;
- whether Defendant wrongfully failed to disclose that the ankle monitors posed health and safety risks to individuals;
- whether Defendant's representations and omissions in advertising, warranties, packaging, and/or labeling were false, deceptive, and/or misleading;
- whether Defendant had knowledge that those representations and omissions were false, deceptive, and misleading;
- whether Defendant's conduct was negligent per se;
- whether Plaintiff and the members of the Class are entitled to actual, statutory, punitive damages, and/or injunctive relief.

28. **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the claims of the other members of the proposed Class. Plaintiff and members of the Class suffered injuries as a result of Defendant's wrongful conduct that is uniform across the Class.

---

[2] https://westjem.com/cpc-em/septic-malleolar-bursitis-in-a-patient-with-an-ankle-electronic-monitoring-device-a-case-report.html

29. **Adequacy (Rule 23(a)(4)).** Plaintiff's interests are aligned with the Class he seeks to represent. Plaintiff has and will continue to fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent counsel experience in complex litigation and class actions and the types of claims at issue in this litigation, with the necessary resources committed to protecting the interests of the Class. Plaintiff has no interest that is antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and [his] counsel are committed to vigorously prosecuting this action on behalf of the members of the Class.

30. **Superiority.** This class action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient adjudication of this controversy, and joinder of all members of the Class is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the Courts and Defendant, would create a risk of inconsistent or varying adjudications of the questions of law and fact common to members of the Class, and would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. Class treatment will create economies of time, effort and expense and promote uniform decision-making.

31. **Certification of Specific Issues (Rule 23(c)(4)).** To the extent that any described Class herein does not meet the requirements of Rule 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

32. **Declaratory and Injunctive Relief (Rule 23(b)(2)).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and other members of the Class,

thereby making appropriate final injunctive and declaratory relief, as described herein, with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION
### (Negligence)

33. Plaintiff incorporates into the First Cause of Action paragraphs 1 through 32, as set forth above.

34. Defendant has a duty to produce a product that is safe for its intended use.

35. Defendant breached this duty by producing a product that was dangerous for its intended use. Defendant knew or should have known that the Monitors were at risk of injuring the user.

36. As a direct result of this breach, Plaintiff suffered injury in that Plaintiff has been deprived of their benefit of the bargain. Plaintiff's injuries were caused in fact by Defendant's breach. But for Defendant's negligent manufacture and improper oversight, Plaintiff would not have been injured.

37. Further, Plaintiff's injuries were proximately caused by Defendant's breach. It is foreseeable that a poorly designed Monitor to be placed on individuals' ankles for an extended period of time would cause injury.

38. Plaintiff was damaged in that he experienced pain and suffering both in the past and future, inconveniences both in the past and further, medical and other health care expenses both in the past and future and has suffered emotional distress in his time spent with the faulty Monitor on his ankle.

39. Due to Defendant's conduct, Plaintiff was damaged by Defendant in the Plaintiff suffered injuries to both of his ankles.

40. Plaintiff suffered damages in an amount to be determined at trial and Plaintiff is entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## SECOND CAUSE OF ACTION
### (Negligent Failure to Warn)

41. Plaintiff incorporates into the Second Cause of Action paragraphs 1 through 32, as set forth above.

42. Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Class.

43. Defendant owed Plaintiff and Class members a duty of care and to warn of any risks associated with the Monitors.

44. Defendant knew or should have known of the defect but failed to warn Plaintiff and members of the Class.

45. Plaintiff had no way of knowing of the Monitors' latent defect as an ordinary user would be unable to discover the Monitor could injure the user.

46. Defendant's breach of duty caused Plaintiff and Class members economic damages and injuries in the form of impalement or laceration.

47. Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## THIRD CAUSE OF ACTION
### (Strict Liability - Design Defect)

48. Plaintiff incorporates into the Third Cause of Action paragraphs 1 through 32, as set forth above.

49. Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Class.

50. The design of the Products was defective and unreasonably dangerous.

51. The risk of injuring the user while Plaintiff and members of the Class used the Monitor, caused exposure to serious harm.

52. The design of the Monitors rendered them not reasonably fit, suitable, or safe for their intended purpose.

53. The risk of injury and contact with the edges of the Monitor outweighed the benefits and rendered the Monitors unreasonably dangerous.

54. There are other Monitors and other similar products that do not injure or cause rash to the users, meaning that there were other means of production available to Defendant.

55. The Monitors were unreasonably unsafe, and the Monitors should have had stronger and clearer warnings or should not have been sold in the market.

56. The Products did not perform as an ordinary user would expect.

57. Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

58. Plaintiff is further entitled to damages for the injury sustained in being exposed to such danger and damages related to Defendant's conduct, and injunctive relief.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment)

59. Plaintiff incorporates into the Fourth Cause of Action paragraphs 1 through 32, as set forth above.

60. Plaintiff brings this claim on behalf of himself and the members of the Class.

9

61. Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief. Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and violate the terms of the federal and state statutes described in this Complaint.

62. An actual controversy has arisen in the wake of Defendant's dangerous Monitors regarding its present and prospective common law and other duties to reasonably safeguard its Monitors and whether Defendant is currently maintaining safety measures adequate to protect Plaintiff and Class members from further injuries resulting from the use of their Monitors.

63. Plaintiff alleges that Defendant's safety measures remain inadequate. Plaintiff will continue to suffer injury because of the injuries and remain at imminent risk that further injuries will occur in the future.

64. Pursuant to its authority under the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

    a    Defendant continues to owe a legal duty to produce a product that is safe for its intended use; and

    b    Defendant continues to breach this legal duty by failing to employ reasonable measures to ensure the safety of its Monitors.

65. The Court also should issue corresponding prospective injunctive relief requiring Defendant to employ adequate safety protocols consistent with law and industry standards to protect users of the Monitors.

66. If an injunction is not issued, Plaintiff and Class members will suffer irreparable injury, and lack an adequate legal remedy, in the event of another injury by Defendant. The

risk of another injury is real, immediate, and substantial. If another breach at Defendant occurs, Plaintiff and Class members will not have an adequate remedy at law because many of the resulting injuries are not readily quantified, and they will be forced to bring multiple lawsuits to rectify the same conduct.

67. The hardship to Plaintiff and Class members if an injunction does not issue exceeds the hardship to Defendant if an injunction is issued. On the other hand, the cost to Defendant of complying with an injunction by employing reasonable safety measures is relatively minimal, and Defendant has pre-existing legal obligations to employ such measures.

68. Issuance of the requested injunction will not do a disservice to the public interest.

69. To the contrary, such an injunction would benefit the public by preventing additional injuries at Defendant, thus eliminating the additional injuries that would result to Plaintiff and the millions of individuals who may be at risk of being sentenced to wear Defendant's Monitors.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendant as to each and every count, including:

A. An order certifying this action and the Class requested herein as a class action, designating Plaintiff as representative of the Class and appointing Plaintiff's counsel as counsel to the Class;

B. An order declaring that Defendant's actions constitute: (i) negligence; (ii) negligent failure to warn; and (iii) strict liability – design defect, and that Defendant is liable to Plaintiff and the Class, as described herein, for damages arising therefrom;

C. For injunctive relief as pleaded or as the Court may deem proper;

D. A judgment awarding Plaintiff and members of the class all appropriate damages in an amount to be determined at trial;

E. A judgment awarding Plaintiff and the Class prejudgment and post-judgment interest, as permitted by law;

F. A judgment awarding Plaintiff and the Class costs and fees, including attorney's fees, as permitted by law; and

G. Grant such other legal, equitable, or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated: August 28, 2023

Respectfully Submitted,

*/s/Blake G. Abbott*
Blake G. Abbott (S.C. Bar No. 104423)
Paul Doolittle (S.C. Bar No. 66490)
**Poulin | Willey, |Anastopoulo LLC**
32 Ann Street
Charleston, SC 29403
803-222-2222
Email: blake.abbott@poulinwilley.com
paul.doolittle@poulinwilley.com
*Attorneys for Plaintiff*